The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOT YOGA, INC.,

        Plaintiff,

    v.

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

        Defendant.

Civil Action No. 2:21-cv-00174-BJR

ORDER GRANTING MOTION TO
DISMISS

## I.      INTRODUCTION

Plaintiff Hot Yoga, Inc. filed this lawsuit against Defendant Philadelphia Indemnity Insurance Company in February 2021, alleging claims for breach of contract, breach of duty of good faith and fair dealing, violations of the Washington Consumer Protection Act, and violations of the Washington Insurance Fair Conduct Act. Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant Defendant's motion to dismiss. The reasoning for the Court's

1

decision follows.

## II.      BACKGROUND

Plaintiff owns and operates yoga studios in western Washington that were forced to close during the height of the COVID-19 pandemic.  Dkt. No. 16 at 2; Dkt. No. 1 ¶ 6.  On March 16 and 23, 2020, Governor Jay Inslee issued proclamations that effectively ordered businesses like Plaintiff's to cease operations.  Dkt. No. 16 at 5-6.  According to Plaintiff, these proclamations were extended through the winter of 2020, and Plaintiff's yoga studios remained closed during that time.  Dkt. No. 1 at 8-11.  It is not clear from the complaint if or when Plaintiff was able to resume operations.

Defendant is an insurance company that, in December 2019, issued Plaintiff an "all-risk" insurance policy covering Plaintiff's business properties (the "Policy").  *Id.* ¶ 10.  In early April 2020, Defendant sent Plaintiff a notice "preemptively denying coverage for any 'loss resulting from Coronavirus SARS-COV-2/COVID19.'"  *Id.* ¶ 40.  Shortly thereafter, Defendant formally denied Plaintiff's claim for lost business income.  *Id.* ¶ 44.  Plaintiff brings this lawsuit claiming that Defendant erroneously determined that the Policy did not cover Plaintiff's COVID-19-related losses and wrongfully denied Plaintiff's insurance claim.

## III.      DISCUSSION

The Policy states that "[Defendant] will pay for the actual loss of Business Income . . . due to the necessary 'suspension' of [Plaintiff's] 'operations' . . . [if the 'suspension' is] caused by direct physical loss of or damage to [the covered] property."  Dkt. No. 16, Ex. A at ECF 70.  The Policy also contains a section for "Additional Coverage" that includes a "Civil Authority" provision.  *Id.*  Coverage under that provision is triggered if "a Covered Cause of Loss causes

damage to property other than property at the [insured] premises . . . [and] [a]ccess to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage." *Id.*; Dkt. No. 13 at 10.  Under both provisions, Plaintiff's claims for coverage hinge on whether the suspension of its business operations due to the COVID-19 virus amounts to "direct physical loss or damage to property."

As the parties are aware, this Court has already decided numerous cases involving identical policy language in the consolidated action *Nguyen v. Travelers Casualty Ins. Co. of Am*, 2021 WL 2184878 (W. D. Wash. May 28, 2021).  Like the Policy here, the insurance agreements in the consolidated action contained both a general coverage provision for "direct physical loss of or damage" to the insured properties and a "Civil Authority" provision covering situations where damage to a nearby property prevents access to the insured property.  *Id.* at *3-4.

Interpreting these provisions, the Court concluded "that COVID-19 does not cause direct physical damage to property as the term is used in the insurance policies."  *Id.* at *10.  The Court likewise rejected the plaintiffs' interpretation of the term "physical loss" to include the loss of the ability to use the property for business operations.[1]  *See id.*  Because all of the plaintiffs' theories of liability depended on there having been direct physical loss or damage to their properties, and because the Court found that closure due to COVID-19 did not constitute physical loss or damage, the Court dismissed all of their claims.  *See generally id.*

_____

[1] The Court also found that, even if the policy language covered COVID-19, the policy's "virus exclusion" provision would apply, and coverage could be denied on that basis.  *See Nguyen*, 2021 WL 2184878, at *15-16.  Plaintiff does not dispute that the virus exclusion contained in the Policy here is virtually identical to the one in *Nguyen*.  *See* Dkt. No. 16 at 18-19.

In doing so, the Court agreed with the vast majority of federal district courts that had considered the same contract language in the context of COVID-19. *See id.* at *10-11. Since *Nguyen*, two circuit courts have considered appeals from these cases on the merits, and both circuits affirmed the district courts' holdings that COVID-19 does not cause direct physical loss or damage. *See Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, 2021 WL 3870697 (11th Cir. Aug. 31, 2021); *Oral Surgeons PC v. Cincinnati Ins. Co.*, 2 F.4th 1141 (8th Cir. 2021).[2]

Here, Plaintiff argues that it suffered the physical loss of its property when "it was deprived of using it under the Governor's Orders." Dkt. No. 16 at 14. Plaintiff acknowledges that *Nguyen* considered policy language identical to that of the Policy here and does not seriously attempt to distinguish the facts of this case; rather, Plaintiff simply disagrees with the Court's conclusion in *Nguyen*. *See* Dkt. No. 16 at 2 ("Respectfully, [Plaintiff] believes the Court's ruling in *Nguyen* neglected to apply the rules announced by the Washington Supreme Court for evaluating undefined terms in an insurance policy.") Plaintiff further claims that the Policy's language is ambiguous, that the Policy should be construed in Plaintiff's favor, and that dismissal is inappropriate (*see id.* at 19-20), but this Court has already rejected that argument as well, *see Nguyen*, 2021 WL 2184878, at *10-11.

In summary, Plaintiff's arguments in support of its interpretation of the Policy do not materially differ from those made by the plaintiffs in *Nguyen*, and the Court declines to revisit its

---

[2] The Third Circuit also heard appeals in three similar cases, but the panel considered only procedural questions that were unique to those appeals and that have no application here. *See generally DiAnoia's Eatery, LLC v. Motorists Mutual Ins. Co.*, 2021 WL 3642111 (3d Cir. Aug. 18, 2021).

findings in that case.  As all of Plaintiff's theories of liability depend on there having been direct physical loss or damage to its properties, and the Court having found that closure due to COVID-19 does not constitute physical loss or damage, all of Plaintiff's claims must be dismissed.

The Court notes that, like Plaintiff here, the plaintiffs in *Nguyen* brought claims under the Washington Insurance Fair Conduct Act and the Washington Consumer Protection Act.  *See id.* at *4.  In *Nguyen*, the Court found that these "extra-contractual" claims could not survive if the plaintiffs' contractual claims were dismissed.  *Id.* at *17.  As the plaintiffs' contractual claims were in fact dismissed, the Court also dismissed the extra-contractual claims.  *Id.*  Here, the Court dismisses both Plaintiff's contractual claims and its claims under the two statutes for the same reasons.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss (Dkt. No. 13), and Plaintiff's complaint is hereby dismissed with prejudice.

DATED this 22nd day of September, 2021.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

5